IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANITA REED-EDGECOMBE,<br><br>  Plaintiff,<br><br>  v.<br><br>OFFICER K. WILSON, SERGEANT ANDERSEN, OFFICER JERALD NETTLES #864, OFFICER K. RICHMOND #844, OFFICER JOSEPH WILLIAMS #814, OFFICER WILLIE CAMPBELL #805, and the CITY OF COUNTRY CLUB HILLS,<br><br>  Defendants. | No.  08-cv-2385<br><br>JUDGE Der-Yeghiayan<br><br>MAGISTRATE JUDGE Denlow |

## FIRST AMENDED COMPLAINT AT LAW

NOW COMES the PLAINTIFF, by and through HORWITZ, RICHARDSON & BAKER LLC, and pursuant to this First Amended Complaint at Law, states the following against the above named Defendants, to wit OFFICER K. WILSON, SERGEANT ANDERSEN, OFFICER JERALD NETTLES  #864, OFFICER K. RICHMOND #844, OFFICER JOSEPH WILLIAMS #814, OFFICER WILLIE CAMPBELL #805 (hereinafter, the "DEFENDANT OFFICERS") and the CITY OF COUNTRY CLUB HILLS.

### JURISDICTION

1.     The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2. PLAINTIFF is a resident of the State of Illinois and of the United States.

3. The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF COUNTRY CLUB HILLS.

4. The CITY OF COUNTRY CLUB HILLS is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint (as indicated in the *Monell* claim alleged herein). At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF COUNTRY CLUB HILLS.

## FACTS

5. On or about February 16, 2008, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF. This conduct violated the Fourth Amendment to the United States Constitution.

6. Specifically on or about February 16, 2008, at approximately 1:00 a.m., in the vicinity of the 4100 West Block of 183rd Street in Country Club Hills, Illinois, PLAINTIFF was observing an incident between police officers and civilians in which force was being used by police officers.

7. During this incident one or more of the DEFENDANT OFFICERS, without provocation, and without legal justification, struck PLAINTIFF causing her injury.

8. PLAINTIFF was not charged with criminal activity in connection with this incident.

9. On or about February 16, 2008, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

10. The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

11. The DEFENDANT OFFICERS arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

12. On February 16, 2008, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

13. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

14. On or about February 16, 2008, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF COUNTRY CLUB HILLS. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

15. Upon information and belief, OFFICER K. WILSON, on February 16, 2008, came into physical contact with PLAINTIFF.

16. Upon information and belief, SERGEANT ANDERSEN, on February 16, 2008, came into physical contact with PLAINTIFF.

17. Upon information and belief, OFFICER JERALD NETTLES #864, on February 16, 2008, came into physical contact with PLAINTIFF.

18.     Upon information and belief, OFFICER K. RICHMOND #844, on February 16, 2008, came into physical contact with PLAINTIFF.

19.     Upon information and belief, OFFICER JOSEPH WILLIAMS #814, on February 16, 2008, came into physical contact with PLAINTIFF.

20.     Upon information and belief, OFFICER WILLIE CAMPBELL #805, on February 16, 2008, came into physical contact with PLAINTIFF.

## CONSPIRACY

21.     Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

   a. agreeing to falsely arrest the PLAINTIFF;

   b. using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFF;

   c. agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFF;

   d. agreeing not to report each other after falsely arresting PLAINTIFF;

   e. generating false documentation and/or failing to document their actions to cover-up for their own and each other's misconduct.

22.     In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about February 16, 2008, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer injury and suffer emotionally.

4

## *MONELL* ALLEGATIONS

23.     It is the custom, practice and/or policy of police officers and/or their supervisors/agents and/or other employees of the CITY OF COUNTRY CLUB HILLS to perform the following acts and/or omissions:

    a. generate false documentation or fail to generate documentation to cover-up for the misconduct of fellow police officers;

    b. engage in acts of false arrest, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

    c. fail to properly discipline officers from said police department who have committed act(s) of false arrest, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

    d. fail to properly record or document a complaint of false arrest, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence perpetrated by a CITY OF COUNTRY CLUB HILLS police officer upon another;

    e. fail to properly investigate a complaint of false arrest, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence perpetrated by a CITY OF COUNTRY CLUB HILLS police officer upon another;

    f. fail to take proper remedial action against a CITY OF COUNTRY CLUB HILLS police officer once it is determined that an act of false arrest, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence has been committed by said officer upon another;

    g. allow misconduct to occur in various types and severity such that police officers believe that they can engage in false arrest, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence without repercussions and/or significant repercussions;

    h. fail to provide adequate sanctions/discipline to officers who commit false arrest, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

    i. fail to provide adequate sanctions/discipline to officers who falsify or fail to document police reports, investigations and/or internal investigations, causing

    said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

j. fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence, or fail to document evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF COUNTRY CLUB HILLS police department;

k. fail to properly investigate officers who falsify or fail to document in police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF COUNTRY CLUB HILLS police department;

l. fail to take proper remedial measures to prevent and/or correct officers who falsify or fail to document in police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

m. fail to take proper remedial measures to prevent and/or correct officers who falsify or fail to document in police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF COUNTRY CLUB HILLS police department;

n. fail to properly investigate officers who commit acts of false arrest, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

o. fail to take proper remedial action with officers who commit acts of false arrest, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

    p. fail to provide proper training to prevent officers from falsifying or failing to document in police reports, falsely charging innocent citizens, committing acts of false arrest, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, and violating the rules, policies and procedures of the CITY OF COUNTRY CLUB HILLS police department.

24. This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the CITY OF COUNTRY CLUB HILLS for a significant period of time, so much so, that police officers for the CITY OF COUNTRY CLUB HILLS recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the CITY OF COUNTRY CLUB HILLS police department in order to permit said conduct to re-occur.

25. A code of silence exists between officers of the CITY OF COUNTRY CLUB HILLS. This code of silence obstructs the legal process (preventing the free flow of honest information with regard to acts of misconduct). This code of silence contributes to the generation of secrets, in the department, regarding police officer misconduct.

## COUNT I
### §1983 Excessive Force

26. PLAINTIFF re-alleges paragraphs 1 – 25 as though fully set forth herein.

27. The actions, and/or the failure to intervene in the actions, of the DEFENDANT OFFICERS amounted to an excessive use of force onto PLAINTIFF. This conduct violates the Fourth Amendment of the United States Constitution.

28. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the

DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

### COUNT II
### §1983 False Arrest

29.     PLAINTIFF re-alleges paragraphs 1 – 25 as though fully set forth herein.

30.     The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity.  Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

31.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

       WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

### COUNT III
### False Arrest – State Claim

32.     PLAINTIFF re-alleges paragraphs 1 – 25 as though fully set forth herein.

33.     The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity.  The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

34.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT IV
### Battery – State Claim

35. PLAINTIFF re-alleges paragraphs 1 – 25 as though fully set forth herein.

36. The DEFENDANT OFFICERS struck the PLAINTIFF intentionally, without consent and without justification.

37. The conduct of the DEFENDANT OFFICERS was in violation of Illinois Law.

38. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT V
### § 1983 Conspiracy Claim

39. PLAINTIFF re-alleges paragraphs 1 – 25 as though fully set forth herein.

40. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment and Fourteenth Amendment.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the

DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VI
### Conspiracy Claim – State Law

41. PLAINTIFF re-alleges paragraphs 1 – 25 as though fully set forth herein.

42. The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VII – *Monell*

43. PLAINTIFF re-alleges paragraphs 1 – 25 as though fully set forth herein.

44. As a direct and proximate result of the aforementioned acts and omissions by Defendant CITY OF COUNTRY CLUB HILLS there existed a custom, practice, policy, and/or pattern, either implicit or explicit, of the CITY OF COUNTRY CLUB HILLS in which officers were not held accountable for their wrongful and/or illegal acts.

45. Said custom, practice, policy, and/or pattern of the CITY OF COUNTRY CLUB HILLS encouraged, endorsed, created willful ignorance of, or otherwise promoted said wrongful acts of the OFFICERS.

46. As a direct and proximate result of said custom, practice, policy, and/or pattern, either implicit or explicit, of the CITY OF COUNTRY CLUB HILLS, PLAINTIFF was injured in a personal and pecuniary manner.

WHEREFORE, PLAINTIFF demands compensatory damages against the CITY OF COUNTRY CLUB HILLS, costs and attorneys' fees.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VIII
### 745 ILCS 10/9-102 Claim Against the CITY OF COUNTRY CLUB HILLS

47. PLAINTIFF re-alleges paragraphs 1 – 25 as though fully set forth herein.

48. Defendant CITY OF COUNTRY CLUB HILLS is the employer of the DEFENDANT OFFICERS alleged above.

49. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF COUNTRY CLUB HILLS.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the CITY OF COUNTRY CLUB HILLS pay PLAINTIFF any judgment obtained against the DEFENDANT OFFICERS as a result of this complaint.

## COUNT IX
### Supplementary Claim for *Respondeat Superior*

50. PLAINTIFF re-alleges paragraphs 1 – 25 as though fully set forth herein.

51. The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF COUNTRY CLUB HILLS, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the CITY OF COUNTRY CLUB HILLS and such other additional relief, as this Court deems equitable and just.

## **JURY DEMAND**

52. Plaintiff demands trial by jury.

Respectfully submitted,

s/ Abbas Merchant_____
Attorney for the Plaintiff

**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza
20 S. Clark St. Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076